UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOAN MARIE HOFFMAN,

Plaintiff,

v.

J.P. MORGAN CHASE and CALIBER HOME LOANS,

Defendants.

Civil Action No. 19-11726 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Joan Marie Hoffman's ("Plaintiff") Motion for a Temporary Restraining Order ("TRO") and attendant application for leave to proceed without prepayment of fees under 28 U.S.C. § 1915 ("IFP Application"). (ECF Nos. 1, 1-2, 1-3.) It appears Plaintiff moves *ex parte*, as she has not included documentation evidencing service upon Defendants J.P. Morgan Chase ("J.P. Morgan Chase" or "Chase") and Caliber Home Loans (collectively, "Defendants"). The Court has carefully considered Plaintiff's submissions, and pursuant to Local Civil Rule 78.1, decides the matter without oral argument. For the reasons set forth below, Plaintiff's IFP Application is granted and Plaintiff's TRO Motion is denied.

**I.** **IFP Application**

Plaintiff alleges her total monthly income is $1608, which includes $1416 from retirement and $192 from public assistance. (IFP Appl., ECF No. 1-3.) Plaintiff also states she currently has $38 in her checking account, $50 in cash, and her listed assets are: (1) a home in foreclosure; and (2) an automobile that she alleges has a value of $500. The Court finds this information sufficient to determine Plaintiff is economically eligible to proceed *in forma pauperis*, and, accordingly, grants Plaintiff's IFP Application.

## II. TRO Motion

As a threshold matter, the Court finds Plaintiff failed to establish the Court has jurisdiction to hear this case. Plaintiff's provided basis for jurisdiction is that the United States Government is a plaintiff, and she seeks relief pursuant to the New Jersey Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68.[1] (Civil Cover Sheet, ECF No. 1.) Plaintiff's Complaint also contains general allegations of fraud. (*See generally* Compl., ECF No. 1.)

Here, the United States Government is not a party to this action, Plaintiff does not pursue relief under federal law (*see* 28 U.S.C. § 1331), and Plaintiff fails to provide the citizenship of the parties involved (*see* 28 U.S.C. § 1332). Plaintiff, therefore, fails to establish the Court has jurisdiction to hear the matter.[2] *See, e.g., Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010) ("Federal courts have limited jurisdiction, and they may only decide cases as authorized by Congress or the Constitution.").

Assuming, *arguendo*, that Plaintiff could establish diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff fails to demonstrate she is entitled to a TRO. Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). The burden is on the party seeking the TRO to "establish every element in its favor, or the grant of a [TRO] is inappropriate." *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) (quoting *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)). This remedy should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial

---

[1] Plaintiff specifically references N.J.S.A. 2A:50-54, 2A:50-56(a), and 2A:50-67. (Civil Cover Sheet.)

[2] The Court also questions its ability to address the matter in light of the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The Court, however, need not reach that issue as facially, Plaintiff's filings fail to provide a valid basis of jurisdiction.

2

will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest. *Hartmann v. Maybee-Freud*, 279 F. App'x 142, 144 (3d Cir. 2008). The standards for reviewing a preliminary injunction are the same for a TRO. *See, e.g. Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

Here, Plaintiff did not explicitly address any of the aforementioned factors. The Court construes Plaintiff's filings liberally, however, because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, Plaintiff fails to establish the matter is emergent or a likelihood of success on the merits. Plaintiff seeks a stay of an eviction order,[3] yet, she did not provide the Court with that order. In fact, although Plaintiff states that the eviction will take place on May 6, 2019, Plaintiff has not provided the Court with any documentation supporting that assertion. Rather, Plaintiff provided the Court with an April 1, 2019, New Jersey Superior Court, Somerset County, Chancery Division Order granting a stay of the sheriff's eviction until April 30, 2019.[4] (*See* TRO Appl. 3.)

Moreover, Plaintiff's general allegations of fraud fail to meet the heighted pleading standard set forth under Federal Rule of Civil Procedure Rule 9(b). Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Plaintiff claims Caliber Home Loans has "grossly inflated" the amount she owes on her mortgage and she has been "coerced into 'interest only' loans." (Compl. ¶¶ 8-13.) Plaintiff, however, did not support those allegations with any supporting facts, persuasive documentation,

---

[3] Plaintiff also seeks damages in the amount of $550,000 from J.P. Morgan Chase and $375,000 "subject to treble" damages from Caliber Home Loans. (*See* Compl. 4 ¶¶ a, b.)

[4] The Court notes Washington Mutual Bank, F/K/A Washing Mutual Bank, FA, not the instant defendants, is the plaintiff captioned in that matter. (*Id.*)

or legal authority. Thus, not only is the record before the Court deficient, but Plaintiff fails to adequately allege violations of the New Jersey Fair Foreclosure Act[5] or fraud, generally.

### III.  Conclusion

The Court finds Plaintiff sufficiently demonstrated economic eligibility to proceed *in forma pauperis*. The Court also finds Plaintiff failed to establish the Court has jurisdiction to hear the matter, and assuming Plaintiff could establish diversity jurisdiction, Plaintiff failed to demonstrate she is entitled to emergent injunctive relief.

Accordingly, **IT IS** on this 2nd day of May 2019, **ORDERED** that:

1. Plaintiff's IFP Application (ECF No. 1-3) is **GRANTED**.
2. Plaintiff's TRO Application (ECF No. 1-2) is **DENIED**.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[5] Plaintiff alleges Chase "negligen[tly] service[ed]" her loan. (Compl., Ex. C, ECF No. 1.) She supports this allegation with September 26, 2017 correspondence that Chase sent Plaintiff stating, "We found that we may have made an error while we serviced your loan that could have extended the document collection period during our review of your application for mortgage assistance." (Compl., Ex. B, ECF No. 1.) Included with that correspondence was a check for "compensation" in the amount of $100. (*Id.*) Plaintiff, however, fails to explain how that correspondence evidences negligence or a violation of the New Jersey Fair Foreclosure Act.